UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD VANNATTA, ) | |
|               Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-1249-WTL-DKL |
| ) | Case No. 1:15-cv-17-WTL-DKL |
| UNITED STATES OF AMERICA. ) | |

**Entry Discussing Motions for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificates of Appealability**

Before the Court are Petitioner Todd VanNatta's two motions for relief pursuant to 28 U.S.C. § 2255. In both cases he argues that he "factually innocent" and is entitled to relief because he had ineffective assistance of counsel in criminal case numbers 1:12-cr-099-WTL-DKL (Counts 1-13) and 1:13-cr-149-WTL-TAB (Counts 14-15). Two civil actions were opened because the first motion for relief pursuant to § 2255 was filed on July 25, 2014, in 1:13-cr-149-WTL-DKL and docketed as 1:14-cv-1249-WTL-DKL and the second motion for relief pursuant to § 2255 was filed in 1:12-cr-99-WTL-DKL on August 15, 2014, and docketed as a new civil action in 1:15-cv-17-WTL-DKL.

For the reasons explained in this Entry, VanNatta's motions for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue**.**

**I.  Background**

On June 20, 2012, in Case No. 1:12-cr-099-WTL-DKL, VanNatta was charged in a 13-count Indictment with ten counts of fraud against a financial institution, in violation of 18 U.S.C. § 1344, and three counts of wire fraud, in violation of 18 U.S.C. § 1343. On May 16, 2013,

1

VanNatta filed a Petition to Enter a Plea of Guilty ("Petition") indicating his intent to plead guilty to Counts 1 through 13 of the Indictment and to Counts 14 and 15 of an Information, which had yet to be filed. Upon VanNatta's agreement to waive filing of an Indictment on two additional counts, the Petition was filed prior to the filing of the Information charging VanNatta with Counts 14 and 15. On July 12, 2013, this two-count Information was filed under docket number 1:13-cr-149-WTL-TAB, charging VanNatta with one count of false claims against the Internal Revenue Service, in violation of 18 U.S.C. § 287 (Count 14), and one count of failure to account for and pay over tax, in violation of 26 U.S.C. § 7202 (Count 15).

Although there were two separate criminal cases initiated against VanNatta he was sentenced on all 15 Counts in the same court at the same time.

In addition, the same plea agreement was entered in both 1:12-cr-99-WTL-DKL and 1:13-cr-149-WTL-TAB. Specifically, on July 17, 2013, the parties filed a Plea Agreement pursuant to 11(c)(1)(B) of the Federal Rules of Criminal Procedure. (A copy of the Plea Agreement has been attached to this Entry for the convenience of the reader). The Plea Agreement provided that VanNatta would plead guilty as charged to all 13 Counts of the Indictment and the two counts (Counts 14 and 15) of the Information. As part of his Plea Agreement VanNatta acknowledged that he was guilty as charged, that he was entering into his plea of guilty freely and voluntarily, and that no one had made any threats or promises in an attempt to induce him to plead guilty. Plea Agreement at p. 13. VanNatta further acknowledged that he had read the Plea Agreement in its entirety, had discussed it with his attorney, and was satisfied with his attorney's representation. *Id.* VanNatta agreed that the United States will not ask for a sentence exceeding sixty-three (63) months of imprisonment. *Id.* at ¶ 8. The term of supervised release, amount of fine and restitution were left up to the discretion of the Court. *Id.* at ¶¶ 9-12. VanNatta would pay the mandatory

special assessment fee of $1,500. *Id.* at ¶ 13. The Government agreed that if VanNatta continued to accept responsibility, he would be entitled to a three-level decrease in his offense level, pursuant to U.S.S.G. § 3E1.1(a) and (b). *Id.* at ¶ 27.

In exchange for the concessions made by the Government, VanNatta agreed that if the Court accepted his plea of guilty and sentenced him to sixty-three (63) months or less, "regardless of how that sentence [was] calculated by the Court," then he waived his right "to appeal the conviction and sentence imposed . . . on any ground, . . . [and] expressly agree[d] not to contest, or seek to modify, the conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under Title [28], United States Code, Section 2255." *Id.* at ¶ 28.

On September 12, 2013, a plea hearing was held. The Court accepted VanNatta's plea after finding that it was "made knowingly and voluntarily." The Court then adjudged VanNatta guilty as to all 13 counts as charged in the Indictment and the two counts as charged in the Information. On that same date the Court held a sentencing hearing. The Court sentenced VanNatta pursuant to the Plea Agreement to a term of 60 months in prison on each Count concurrently, to be followed by three years' supervised release. VanNatta was also assessed the mandatory assessment of $1500 and ordered to pay restitution payments in the amount of six million and nine hundred thousand dollars. Judgment of Conviction was entered on September 20, 2013, in both criminal cases. On September 27, 2013, an Amended Judgment to correct sentence for a clerical error was entered in 1:13-cr-149-WTL-TAB. VanNatta did not appeal these Judgments.

VanNatta has now filed two actions pursuant to 28 U.S.C. § 2255 in which he argues that he "factually innocent" and is entitled to relief because he had ineffective assistance of counsel. VanNatta seeks immediate release from prison.

## II. Discussion

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." § 2255(b).

VanNatta claims that he is entitled to relief under § 2255 because he is actually innocent and his counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

The United States argues that VanNatta's § 2255 motion should be dismissed with prejudice because it is barred by the waiver of post-conviction relief rights set forth in the plea agreement.

### A. Plea Agreement Waiver

The plea agreement entered into between defendant VanNatta and the United States in both 1:12-cr-99-WTL-DKL and 1:13-cr-149-WTL-TAB and accepted by the Court contains a provision

whereby VanNatta expressly agreed not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in an action brought under 28 U.S.C. § 2255.

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). This Court found, when it accepted VanNatta's plea of guilty, that the plea was entered knowingly and voluntarily. Nothing presented by VanNatta undermines or undercuts that finding.

### B. Effective Assistance of Counsel

VanNatta's § 2255 motion asserts that his waiver of post-conviction rights should not be enforced because he received ineffective assistance of counsel in accepting the plea agreement. "A waiver of appeal [or of post-conviction relief rights] is valid, and must be enforced, unless the agreement in which it is contained is annulled." *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). Thus, if VanNatta is "to overcome the waiver provision in his plea agreement based on ineffective assistance of counsel: he cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim. Rather, he must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States,* 726 F.3d 958, 966-67 (7th Cir. 2013). In other words, he must allege that the Plea Agreement was the product of or tainted by the ineffective assistance of counsel. *Id.* at 967.

In this case, VanNatta asserts that his counsel was ineffective because counsel withheld discovery provided by the United States that would prove VanNatta's innocence. In other words,

5

VanNatta argues that he is innocent of the crimes for which he was convicted (with the exception of Count 15, the personal tax count) and that he now knows this because of newly discovered evidence. See 1:15-cv-17-WTL-DKL, dkt.4 at p. 11. It is at this point in VanNatta's argument that the Court is unable to trace the path of his reasoning.

VanNatta explains that before he pled guilty his counsel had a CD-ROM from the United States which contained "clear and precise evidence that clearly demonstrates that [he] is not guilty of the crimes set forth in [the] indictment." No. 1:14-cv-1249-WTL-DKL, dkt. 2 at p. 9. VanNatta states that he always maintained his innocence and that his plea could not have been knowing and intelligent because his counsel withheld evidence which clearly proves VanNatta is not guilty of the bank fraud charges. *Id.,* dkt. 2 at 11. In support of this argument, VanNatta filed a slew of documents, but he does not explain how the materials provided are necessarily exculpatory in light of his guilty plea. He simply concludes that had "the withheld evidence been proffered by counsel, as required by law, the case would have been dismissed and or a Franks Hearing held to review the fraudulent statements as tendered by the FBI affidavit utilized again to arrest and further detain the Movant in question." *Id.,* dkt. 6 at p. 9. Contrary to VanNatta's assertion that his case is "clean and simple" and that he has demonstrated and proven what happened, this Court could not identify any smoking gun which proves his innocence. Dkt. 7 at p. 5.

For example, VanNatta lists eight documents as evidence upon which he concludes that the disposition of the case would likely have been different, but this conclusion is unsupported by any persuasive analysis. VanNatta argues that the documents reflect a multitude of forged signatures and suggests that Alice Bartanen (as in house counsel for VanNatta Asset Management LLC) and Curtis VanNatta (Mark VanNatta's father) were responsible for the criminal acts of which he was convicted. In particular, VanNatta argues that Alice Bartanen prepared and signed

documents which reflect "that VanNatta Asset Management, LLC, and a great many other companies were in fact fraudulently created and knowingly created in the name of the Movant." No. 1:14-cv-1249-WTL-DKL, dkt. 2 at p. 22. VanNatta argues that Alice Bartanen stole his identity to cover up her actions. *Id.*, dkt 7 at p. 5. But the fact that other individuals may have been involved in VanNatta's criminal acts does not exculpate him in light of his own admissions, which are discussed below.

It is true that a defense attorney has a responsibility to reasonably investigate the circumstances of the case against his client. *See Bruce v. United States*, 256 F.3d 592, 587-89 (7th Cir. 2001). But, the mere allegation that a lawyer failed to conduct an adequate investigation, without particulars as to what was not done that should have been, is insufficient to warrant post-conviction relief.

VanNatta contends that he knew nothing about his crimes and that he was unable to

> argue or defend something I don't know about. Would a rational person accept a plea with the facts and documents on the table as they are known now? As I told Mr. Dazey in a recent call, I couldn't prove what I know or didn't...and the basis of all of this wasn't that I was accused of creating these documents, I was simply stuck in the middle. All of that aside, bank fraud did not occur, and I have

Dkt. 7 at p. 3. VanNatta explains that he agreed to plead guilty only after his attorney advised him to accept a plea and in light of the increased sentence that could be imposed if he was found guilty at trial. He also did not want to have to call his father to testify because he had "already lost his entire family." Dkt. 2 at p. 9.

But, in pleading guilty, VanNatta affirmatively took responsibility for the crimes which he now states he knew nothing about. He states that he could not prove what he did not know, but in the course of this proceeding he admitted to knowing a lot. There is no plausible basis on which to conclude that VanNatta's counsel provided ineffective assistance of counsel in failing to provide

7

VanNatta with copies of the specific discovery documents he identifies in his briefing given VanNatta's independent knowledge of the facts.

VanNatta has not demonstrated that he received ineffective assistance related to the plea agreement. VanNatta made the decision to accept the Plea Agreement, including the agreement's waivers of appeal and of post-conviction relief. The United States has abided by and fulfilled its obligations under the terms of the Plea Agreement. The United States is entitled to the benefit of its bargain with VanNatta and the enforcement of the waiver of post-conviction relief set forth in VanNatta's Plea Agreement.

If the "plea was voluntary, the waiver of appeal [or post-conviction collateral relief] must be enforced." *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008) (*citing United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995)). That is the case here, the United States is correct that the foregoing circumstances show that VanNatta is not entitled to relief pursuant to § 2255 without the merits of his claims being reached.

### C. Actual Innocence Claim

VanNatta states that he is innocent and that he "was unaware, and was likely the only one in the room aside from the judge, that was unaware of the factual innoncense [sic] by virtue of withheld discovery." No. 1:14-cv-1249-WTL-DKL, dkt. 6 at p. 10. He argues that his conviction represents a fundamental miscarriage of justice. No. 1:15-cv-17-WTL-DKL, dkt. 4 at 5.

The Court notes however, that these arguments completely contradict the record. As to Counts 1-10 (Bank Fraud) VanNatta pled guilty to having "**knowingly** executed a scheme to obtain money or other property under the custody or control of a finanical institution . . . with the intent to defraud the financial institution." Plea Agreement, at p. 3 (emphasis added). As to Counts 11-13 (Wire Fraud) VanNatta pled guilty to having "**knowingly** participated in a scheme to defraud

8

or to obtain money or property by means of false pretenses, representations or promises . . . [and] did so **knowingly** and with the intent to defraud. *Id.* (emphasis added).

In addition, VanNatta specifically stipulated to the following:

> TODD VAN NATTA was the President, manager and a registered agent of VAN NATTA ASSET MANAGEMENT, LLC ("VAM"), and its related companies (the "Van Natta Companies").
>
> VAM was a business located in the Southern District of Indiana that was involved in commercial and residential real estate projects, as well as aviation businesses. VAM was founded in 2006 as a holding company to handle all asset retention, accounts payable, accounts receivable and management aspects of the Van Natta Companies.[1]
>
> ---
> [1] VAN NATTA REAL ESTATE, LLC; VAN NATTA AVIATION, LLC; VAN NATTA HOLDINGS, LLC; VAN NATTA HOLDINGS II, LLC; VAN NATTA HOLDINGS III, LLC; VAN NATTA HOLDINGS IV, LLC; VAN NATTA HOLDINGS V, LLC; VAN NATTA HOLDINGS VI, LLC; VAN NATTA HOLDINGS VII, LLC; VAN NATTA HOLDINGS VIII, LLC; VAN NATTA HOLDINGS IX, LLC; VAN NATTA HOLDINGS X, LLC; VAN NATTA HOLDINGS XI, LLC; and VAN NATTA HOLDINGS XII, LLC.

Dkt. 1:13-cr-149-WTL-TAB, dkt 21 at p. 1. In addition, VanNatta admitted to devising a scheme to defraud financial institutions. He admitted:

> **Scheme 1 (Bank Fraud - Counts 1-10)**
>
> Beginning March 2007, and continuing throughout 2009, TODD VAN NATTA devised a scheme to defraud financial institutions, and to obtain any of the moneys owned by, or under the custody or control of financial institutions by means of false pretenses, representations and promises ("Scheme One"). As a result of the scheme, five (5) financial institutions made loans to Curtis Van Natta and the Van Natta Companies in the total amount of approximately $10,802,065. Specifically, TODD VAN NATTA knowing and intentionally participated in the submission of numerous false documents and misrepresentations to the following financial institutions to persuade and cause them to issue loans. These documents included false and fraudulent versions of the personal tax returns of Curtis Van Natta for several tax years that gross inflated his income. They also included false and fraudulent financial statements. Finally, in some instances, TODD VAN NATTA misled financial institutions about significant aspects of the financial transactions listed below.

*Id.* at p. 2. The specific schemes against Centra Credit Union, Mid-Southern Bank, Monroe Bank, Citizens Bank and Main Source Bank were described in detail. VanNatta also agreed that he was guilty of Wire Fraud as charged in Counts 11-13.

> **Scheme Two (Wire Fraud – Counts 11-13)**
>
> In late 2011 and early 2012, TODD VAN NATTA agreed to sell a 1974 Cessna aircraft to an individual named Robert Grimnes for $125,000. However, when TODD VAN NATTA agreed and promised to sell the 1974 Cessna aircraft for delivery in Utah, TODD VAN NATTA well knew that he did not own, possess or control the aircraft and had no authority to sell it.
>
> TODD VAN NATTA knowingly provided false information and represented false facts to Robert Grimnes in order for Robert Grimnes to sign an aircraft purchase agreement, dated January 2, 2012. Such agreement stated the "Seller warrants that Seller owns legal title to the above Aircraft and that title will be assigned to Buyer free and clear of any liens, claims or encumbrances." In addition, Todd Van Natta falsely stated that the aircraft was financed through a loan from Bank of America, which it was not.
>
> Based upon the representations, Robert Grimnes sent payment, via wire, of $13,000 to a Woodforest Bank account in the name of Discount Tools. On January 20, 2012 Robert Grimnes wired an additional $3,000 to the same Woodforest Bank account.

*Id.* at p. 4-5. Finally, VanNatta admitted to the tax charges in Counts 14-15. He acknowledged that he collected taxes from employees of VAM and failed to pay the Internal Revenue Service ("IRS") and sought refunds for taxes that were not paid to the IRS. *Id.* at p. 5.

Given VanNatta's specific admissions, his claim of actual innocence is frivolous. *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case.")). VanNatta knowingly and voluntarily pled guilty, as demonstrated by the representations he made to the court in his Petition to Enter a Plea of Guilty, his written Plea Agreement, and his Stipulated Facts. VanNatta's plea of guilty precludes him from "raising any question regarding the facts alleged in the indictment." *United States v. Walton*, 36 F.3d 32, 34 (7th Cir. 1994). VanNatta has "admitted all those facts and cannot undo his admission," and "he has waived all non-jurisdictional challenges to his conviction." *Id*. "Litigants must live with the stories that they tell under oath." *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant 'satisfies a heavy burden of

10

persuasion.'" *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001). The documents submitted in support of VanNatta's claims are insufficient to satisfy this burden of persuasion. Nor has VanNatta established that there has been a fundamental miscarriage of justice.

### D. Sentencing

In his current § 2255 motions, VanNatta also contests his sentence and the manner in which it was determined. That challenge violates his express agreement as set forth in his Plea Agreement. The parties specifically agreed that if VanNatta received a sentence of 63 months or less, he would waive his appeal and post-conviction relief rights. VanNatta specifically waived his right to appeal his conviction and his sentence and additionally waived his right to contest his sentence in any post-conviction relief proceeding, including one commenced pursuant to 28 U.S.C. § 2255. Accordingly, these arguments are barred by the waiver provision of the plea agreement.

However, even if this argument was not barred, it is without merit. This argument is based on the theory that Plea Agreement stated that he would be sentenced to no more than 63 months based an offense level of 26 and a loss amount of approximately $7,300,000. But, he is mistaken. The loss amount was not stipulated to in the Plea Agreement and the parties reserved the right to present evidence and argument regarding the loss amount. See dkt. 1:13-cr-149-WTL-TAB at dkt 8 p. 9. The parties later stipulated to a total loss amount of $6,977,470.22. In addition, the Plea Agreement did not entitle VanNatta to a sentence less than 63 months and he acknowledged that the Plea Agreement he signed is the complete agreement. Plea Agreement at p. 12. The Plea Agreement reflects that VanNatta's sentence was within the discretion of the Court and that the Court was not bound by the guidelines or recommendations. *Id.* at p. 8. Accordingly, no relief is warranted on this basis.

### III. Evidentiary Hearing

VanNatta seeks an evidentiary hearing on the issues raised in this § 2255 motion. "A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief." *Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Hall v. United States*, 371 F.3d 969, 972 (7th Cir. 2004)). On the other hand, a hearing "is not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id.* (quoting 28 U.S.C. § 2255(b)). For the reasons explained above, the record in this case conclusively establishes that VanNatta is not entitled to relief making any such hearing unnecessary. Therefore, his request for an evidentiary hearing is **denied.**

### IV. Conclusion

VanNatta's conviction and sentence are supported by overwhelming evidence of his guilt. The Seventh Circuit noted in *United States v. Farr,* 297 F.3d 651, 657-58 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. . . "But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds." *Burris v. Farley*, 51 F.3d 655, 662 (7th Cir. 1995).

For the reasons explained in this Entry, VanNatta has failed to show that he is entitled to the relief he seeks and his motions for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal actions, 1:12-cr-99-WTL-DKL and 1:14-cv-1249-WTL-DKL.**

## V.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that VanNatta has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

## VI.  Remaining Pending Motions in 1:15-cv-17-WTL-DKL

The petitioner's motion to reconsider the denial of his request for summary judgment [dkt. 16] is **denied.** For the reasons explained above, the petitioner cannot meet his burden of proof and he is not entitled to judgment in his favor as a matter of law.

The petitioner's motion in response to the Second Order to Show Cause filed July 14, 2015, is not a motion, but a response which includes additional briefing on the merits of petitioner's claim. Accordingly, the **clerk is directed** to terminate the motion flag associated with this filing [dkt. 17].

**IT IS SO ORDERED.**

Date:  10/30/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TODD VANNATTA
10566-028
LORETTO - FCI
LORETTO FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
LORETTO, PA 15940

All Electronically Registered Counsel